IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ISSAC LAVON NATHAN**                                                                                  **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:22-cv-60-TBM-RPM**

**MELISSA SAHUQUE,** *et al.*                                                                        **DEFENDANTS**

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Isaac Lavon Nathan's failure to comply with Court Orders. Plaintiff filed this lawsuit on March 21, 2022, alleging unconstitutional conditions of confinement under 42 U.S.C. § 1983. [1]. At that time, Plaintiff also filed a Motion [2] for Leave to Proceed *in forma pauperis*, which the Court granted [5]. After filing his Complaint, Plaintiff was ordered [3] to sign and file an Acknowledgement of Receipt and Certification under the Prison Litigation Reform Act. This Order [3] warned Plaintiff that his "failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, and without further written notice." [3], p. 2. Plaintiff timely signed and returned the Acknowledgement of Receipt and Certification to the Court. [4]. Plaintiff also filed a letter [6] advising the Court about the correct spelling of a Defendant's name, and the Court amended the docket accordingly [7].

To better evaluate Plaintiff's claims, the Court entered an Order [8] on August 2, 2022, requiring Plaintiff to file a written response to clarify certain aspects of this lawsuit on or before August 16, 2022. Plaintiff was warned again that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." [8], p. 2. This Order [8] was mailed to

Plaintiff at his last-known address, and it was returned to the Court as undeliverable. [10]. Plaintiff did not timely comply with the Court's Order [8].

The Court then directed Plaintiff to show cause why this case should not be dismissed for his failure to comply. [11]. The Court extended Plaintiff's responsive deadline to September 8, 2022, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [11], pp. 1-2. This Order [11] was mailed to Plaintiff at his last-known address, and it was also returned to the Court as undeliverable. [12]. Plaintiff did not comply with the Court's Order [11] to Show Cause, and he has not communicated with the Court about his lawsuit since July 18, 2022—despite being warned four times that failure to comply or notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [8], p. 2; [11], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."

2

*See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with the Court's Orders [8] [11], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this matter is DISMISSED WITHOUT PREJUDICE. This CASE is CLOSED.

**THIS, the 16th day of September, 2022.**

                                                **TAYLOR B. McNEEL**
                                          **UNITED STATES DISTRICT JUDGE**